THOMAS SAUNDERS

*v.*

EDGAR B. SIMS, *Auditor of State of West Virginia*

(No. 10215)

Submitted January 11, 1950. Decided March 28, 1950.

Fox, JUDGE, and LOVINS, PRESIDENT, dissenting.

*P. W. Hendricks,* for petitioner.

*Milton S. Koslow,* for defendant.

HAYMOND, JUDGE:

This is an original proceeding in mandamus in which

the petitioner, Thomas Saunders, seeks a writ to compel the defendant, Honorable Edgar B. Sims, Auditor of the State of West Virginia, to honor a requisition on the treasury of the State in the sum of $300.00 in favor of the petitioner for the payment of an appropriation in that amount as provided by Chapter 12, Acts of the Legislature, 1949, Regular Session. That statute declared the existence of a moral obligation on the part of the State to pay the claim of the petitioner and Chapter 9, Acts of the Legislature, 1949, Regular Session, made an appropriation of $300.00 for that purpose.

The facts in this case are not disputed. According to the record, an assistant attorney general appeared in the State Court of Claims, while the claim was pending before it, and stipulated that the bridge, which was under the jurisdiction of the State, was defective. The evidence introduced before the court of claims was limited to the lack of knowledge by the claimant that the bridge was unsafe at the time he used it and to the value of the horse which was injured by the defective condition of the bridge.

On the evening of August 1, 1947, the petitioner's horse, while being ridden across a bridge over a tributary of Big Coal River in Boone County, broke through a dangerous hole in the floor of the bridge. As a result the animal was so seriously injured that it had to be destroyed. As already stated, it was stipulated that the floor of the bridge was defective. It was clearly shown that the sum of $300.00, the amount claimed as damages, represented the reasonable value of the horse and the court of claims made an allowance in that amount in favor of the petitioner as its owner.

One member of the court of claims was dissatisfied with the procedure followed in the case and made this statement of his position: "* * *. In view of the manner in which the claim is presented to the court and the failure of the state to offer any evidence in opposition to the claim, I reluctantly concur in the determination made. I may add, however, that personally I do not feel that the hands

of the court, as an investigating body, should be tied by stipulation of fact where issues are involved. If a claimant and the attorney general's office may agree upon a valid award of the public funds, it would seem to me that there would be no occasion to have a court of claims."

This case is controlled by the decision of this Court in the case of *Price* v. *Sims*, 134 W. Va. 173, 58 S. E. 2d 657, this day decided. In that case it was alleged and shown that a state controlled bridge was defective, and a similar situation appears from the stipulation in the case at bar. The principles involved were applied and discussed at some length in the *Price* case, and for that reason it is unnecessary to discuss and reiterate them in this opinion. The stipulation establishes the negligence of the agents and the employees of the State as the proximate cause of the injury for which the petitioner claims compensation, and it is clear that if the same negligent conduct had been committed, with the same result, by a person responsible by positive law for his negligence, the claimant could have recovered damages from the wrongdoer in an action at law in a court of competent jurisdiction. For that reason a valid moral obligation of the State exists for the payment of the claim of the petitioner. Likewise the validity of that obligation is not affected or impaired because the agents or the employees of the State were guilty of negligence which caused the injury while they were engaged in the discharge of a governmental function. Points 1 and 2, Syllabus, *Price* v. *Sims*, 134 W. Va. 173, 58 S. E. 2d 657; *State ex rel. Davis Trust Company* v. *Sims*, 130 W. Va. 623, 46 S. E. 2d 90; *State ex rel. Bennett* v. *Sims*, 131 W. Va. 312, 48 S. E. 2d 13; *State ex rel. Catron* v. *Sims*, 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Jordan* v. *Sims*, 134 W. Va. 167, 58 S. E. 2d 650, this day decided.

With respect to the stipulation by which the defective condition of the bridge, at the time of the accident, was admitted by an assistant attorney general in behalf of the State Road Commission, against which agency of the State the claim was made and filed in the court of claims, the action of that court in permitting it is recognized and

sustained by this Court in this proceeding. It is pointed out, however, that the practice of establishing claims by that method, instead of by evidence, should not be permitted or adhered to in that court as a general rule and should be resorted to only in rare instances which justify such procedure. The establishment of material facts by a general stipulation as to their legal effect could lead to wrong results or unsound conclusions, though neither of those situations exists in this instance. One of the functions of the court of claims, as a special instrumentality of the Legislature, is the investigation of the claims presented to it and, as the facts on which the subsequent action of the Legislature is based, in allowing such claims, are subject to consideration by this Court in a proper proceeding to determine the validity of a moral obligation which may have been declared in favor of a claimant, they should be shown or established by evidence and made available for examination in connection with any such claim.

Upon the authority of the *Price* case the writ as prayed for is awarded.

*Writ awarded.*

Fox, JUDGE, dissenting:

I dissent from the decision of the majority in this case. The principles of law involved herein are, it seems to me, identical with those involved in the case of *State ex rel. Price* v. *Edgar B. Sims, Auditor,* decided on this day, 134 W. Va. 173. I dissented from the decision of the majority in that case, and the reasons stated for such dissent will explain my views in relation to this case and need not be repeated.

I desire to associate myself with the position taken by Judge Bland, a member of the Court of Claims, who, in his reluctant concurrence in the finding of that court deplored the action of the Attorney General in stipulating that the bridge involved was out of repair, and in not requiring the same to be shown by evidence. While the facts in this case might clearly show an act of negligence on the part of an employee of the State, it is an unsafe practice on the part of the representatives of the State to

concede in advance what is, in effect, the State's liability. If one makes a claim on the theory of a moral obligation of the State to pay the same, and his claim has the sanction of the Legislature and the Attorney General as the representatives of the State, there would seem to be no safeguard against unjust awards payable out of the public treasury.

I am authorized to state that Judge Lovins joins in this dissent.