ROBERT L. BLAND, Judge.
The claim in this case is prosecuted against the road commission, a governmental agency of the state of West Virginia. It is in the sum of $100.00. The head of the agency concerned concurs in the claim and it is approved by the attorney gen *139 eral as a claim which, within the meaning of the court act, should be paid. It is informally heard upon a record prepared by the state road commissioner and submitted to and filed in the court pursuant to section 17 of the court act. The claim arises out of the following state of facts, i. e.:
The state road commission maintains a small wooden bridge or culvert at a certain point on secondary road 11-3 in Wood county, West Virginia. On January 4, 1950, claimant Kenneth Kennan was driving a team over the secondary road in question. While crossing the above mentioned small wooden bridge or culvert one of claimant’s horses broke through the culvert with its left hind leg, and the other hind leg of the animal also slipped out from under it and over the end of the culvert. The injuries sustained by the horse were so serious that it became necessary to destroy the animal and relieve its suffering. It is shown that one hundred dollars was a reasonable value for the horse. It also appears that a very diligent investigation of the circumstances attending the accident was made by different employes of the road commission; and, since the head of the agency has seen fit to concur in the claim and the attorney general, charged with the duty of representing the state in respect to claims asserted against it in this court, has given the said claim his approval, and bearing in mind the holding of the Supreme Court of Appeals of West Virginia in the recent case of State ex rel. Saunders v. Sims, Auditor, 58 S. E. (2d) 654, this court is likewise disposed to ascertain and find the claim in question to be meritorious, and that an award of the public revenues should be made therefor. As a matter of fact the facts arising in the Saunders case, supra, which was heard in the court of claims, and the facts involved in the case now under consideration are strikingly similar. In the Saunders case, the Supreme Court of Appeals of West Virginia held in point one of the syllabi, as follows:
“A moral obligation of the State, declared by the Legislature to exist in favor of a claimant for negligent injury to his property, will be sustained and a legislative appropriation of public funds made for its pay *140 ment will be upheld, when the conduct of agents or employes of the State which proximately caused such injury is such as would be judicially held to constitute negligence in an action for damages between private persons.”
The court of claims is of opinion that the instant case is controlled by the last mentioned case, being one of the more recent decisions of the Supreme Court of Appeals of West Virginia giving information and guidance to this court.
An award is therefore now accordingly made in favor of claimant Kenneth Kennan for the sum of one hundred dollars ($100.00).