STATE *ex rel.* MRS. A. W. UTTERBACK

*v.*

EDGAR B. SIMS, *Auditor*

(No. 10443)

Submitted January 9, 1952. Decided February 5, 1952.

LOVINS and FOX, JUDGES, dissenting.

*Kaufman & Boiarsky, Ivor F. Boiarsky,* and *Paul J. Kaufman,* for relator.

*William C. Marland,* Attorney General, *Eston B. Stephenson, Assistant Attorney General,* for respondent.

HAYMOND, JUDGE:

In this original proceeding in mandamus the petitioner, Mrs. A. W. Utterback, seeks a writ from this Court to compel the defendant, the Honorable Edgar B. Sims, Auditor of the State of West Virginia, to issue a warrant in due form upon the State Treasurer for the payment of a legislative appropriation in favor of the petitioner for $2,000.00. The claim of the petitioner against the State Road Commission, for the payment of which the appropriation was made, is for compensation for personal injuries sustained by the petitioner as a result of a collision between an automobile owned and driven by her husband, A. W. Utterback, in which she was riding as a guest,

and an automobile owned by the State Road Commission and operated by one of its employees, at the intersection of Ninth Avenue and Fifth Street in Huntington, West Virginia, on March 20, 1944. Upon a hearing the State Court of Claims on July 16, 1945, by unanimous decision, allowed the claim of the petitioner and awarded her the sum of $2,000.00.

At its Regular Session in 1947, by Senate Bill No. 266, passed March 8, 1947, effective from passage, and approved by the Governor, the Legislature of West Virginia, in considering a number of claims of different persons against the State and some of its agencies, including the claim of the petitioner against the State Road Commission, adopted as its own the finding of fact of the State Court of Claims, its creature and special instrumentality, as to the claim of the petitioner, declared it to be a moral obligation of the State, and directed the Auditor to issue a warrant for its payment from available funds appropriated for that purpose. Chapter 24, Acts of the Legislature, 1947, Regular Session. The Legislature also made an appropriation for the payment of a claim in the amount of the award. Chapter 27, Acts of the Legislature, 1947, Regular Session. The Auditor refused to pay the foregoing appropriation and the claimant took no further action at the time and the appropriation expired at the end of the 1947 biennium. During its 1951 Regular Session, the Legislature again considered the claim and made a new appropriation of $2,000.00 for the petitioner which it declared to be compensation for damages sustained by her while traveling in an automobile owned by A. W. Utterback on March 20, 1944, in the City of Huntington, West Virginia, caused by failure of an employee of the State Road Commission while engaged in the work of the Commission and while driving an automobile owned by it, to observe the traffic rules of the City of Huntington in failing to stop the automobile driven by its employee in obedience to a proper stop sign, and declared the appropriation to be for a public purpose and for the payment of a moral obligation of the State. Chapter 25, Acts of the Legislature, 1951, Regular Session. The

amount of the foregoing appropriation was also included in the general appropriations act passed by the Legislature at its 1951 session. Chapter 8, Acts of the Legislature, 1951, Regular Session. Request for payment of the appropriation was refused by the Auditor in a letter addressed to the attorney for the petitioner, dated July 11, 1951, on the ground that payment of the claim would violate the Constitution of this State.

Following the refusal of the Auditor to pay the claim the petitioner instituted this proceeding in this Court on November 13, 1951. The defendant filed his written demurrer to the petition, assigning numerous grounds, and on January 9, 1952, the issues arising upon the petition and the demurrer were submitted for decision upon the written briefs filed in behalf of the respective parties.

The facts upon which the claim is based and the finding of the Court of Claims with respect to them, adopted by the Legislature, are set forth in the petition and are shown in detail in the opinion of the Court of Claims and in the evidence introduced before that court which by written stipulation of the parties are made a part of the record in this proceeding. With respect to the negligence of the employee of the State Road Commission, the cause of the collision, and the resulting injuries sustained by the petitioner, the material facts are not disputed.

About six o'clock in the evening of March 20, 1944, the petitioner was riding in a Chevrolet automobile owned and driven by her husband, A. W. Utterback, which was traveling in a westerly direction on Ninth Avenue, a public street in the City of Huntington. After the automobile entered the intersection of Ninth Avenue with Fifth Street, another public street in that city, at a speed of from fifteen to eighteen miles per hour, it and a Plymouth automobile, owned by the State Road Commission and driven by its employee, C. E. Tauszky, while acting in the scope of his employment, collided near the center of the intersection. The automobile driven by Utterback was badly damaged and the petitioner was seriously injured. When the collision occurred she was occupying

the front seat of the automobile and her son, two years of age, and a sister of her husband were in the rear seat of the automobile. The petitioner's right eye was cut and the side of her right cheek was disfigured. As a result of her injury she suffered nervous shock and much pain. She was rendered unconscious, hospitalized, and required to submit to an operation in an effort to effect a cure. Her face is permanently disfigured and the sight of the injured eye has been to some extent impaired.

At the time of the collision there were no stop signs on Ninth Avenue but on Fifth Street there was a stop sign at each entrance of its intersection with Ninth Avenue. The driver of the automobile of the State Road Commission approached the intersection from the south at a speed of approximately ten miles per hour but as he entered the intersection immediately before the collision he increased the speed of the automobile which, after the collision, traveled a distance of approximately fifty five feet from the point of impact, mounted the curb, and ran against a maple tree on a sidewalk on Fifth Street. Though the driver of the automobile of the State Road Commission was familiar with the location of the stop signs on Fifth Street he admitted that he did not stop but instead increased the speed of the automobile as it entered the intersection. It is clear that his failure to stop before entering the intersection constituted a violation of a traffic ordinance of the City of Huntington and that such violation was the proximate cause of the collision and the resulting injuries to the petitioner. The conclusion of the Court of Claims was that "it was the plain duty of the driver of the State car to have stopped his vehicle before entering the intersection", and that "The accident was wholly uncalled for and could readily have been avoided by the exercise of ordinary judgment and the observance of the traffic signs of warning."

By his demurrer, the defendant challenges the validity of the moral obligation declared by the Legislature and the constitutionality of its appropriation of public funds to pay such obligation, upon substantially these grounds:

(1) The Legislature is without power to declare that the negligence of an officer, agent, servant, or employee of the State can be made the basis of a moral obligation to pay a claim upon which there can be no recovery in a suit or action against the State; (2) the general policy of this State, as expressed in the Constitution, the statutes and the common law in force and effect, prohibits a recovery against the State for negligent acts of its agents and employees and forbids the Legislature to pass any special act for the benefit of a particular person; (3) the act of the Legislature, providing for the payment of the claim of the petitioner as a moral obligation of the State, based upon a negligent and unauthorized act of its employee, is tantamount to a grant of its credit in aid of a person and violates Section 6, Article X of the Constitution of West Virginia; and (4) a proceeding in mandamus to compel the payment of a claim for damages resulting from the negligent and unauthorized act of an employee of the State is in effect a suit against the State and is prohibited by Section 35, Article VI of the Constitution of West Virginia.

The excellent brief filed by the Attorney General in behalf of the defendant concedes that the position of the defendant and the grounds assigned to justify his refusal to pay the claim of the petitioner are not in accord with the recent decisions of this Court in which the declaration by the Legislature of a moral obligation of the State based upon the negligence of agents and employees of an instrumentality of the State and an appropriation by the Legislature of public funds to satisfy such obligation have been upheld and sustained. *State ex rel. Davis Trust Company* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Jordan* v. *Sims,* 134 W. Va. 167, 58 S. E. 2d 650; *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654; and *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657. The argument advanced in behalf of the defendant, upon which he relies in refusing to issue a warrant for the payment of the claim of the petitioner, is that the cited

cases, and the rule enunciated in point 4 of the syllabus in *State ex rel. Cashman* v. *Sims,* 130 W. Va. 430, 43 S. E. 2d 805, 172 A. L. R. 1389, are erroneous, and should be reconsidered and overruled by this Court.

It should be observed that the rule enunciated in point 4 of the syllabus in the *Cashman* case was expressly recognized and approved, though not applied to the particular facts, in the later cases of *State ex rel. Adkins* v. *Sims,* 130 W. Va. 645, 46 S. E. 2d 81; *State ex rel. Bennett* v. *Sims,* 131 W. Va. 312, 48 S. E. 2d 13; and *State ex rel. Baltimore and Ohio Railroad Company* v. *Sims,* 132 W. Va. 13, 53 S. E. 2d 505; and adhered to and applied in *State ex rel. Davis Trust Company* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Jordan v. Sims,* 134 W. Va. 167, 58 S. E. 2d 650; *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654; and *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657. The validity of a moral obligation based on a claim for damages caused by the negligence of officers, agents, or employees of an agency of the State, in the exercise of a governmental function, and an appropriation for its payment, were sustained in each of the four last cited cases. At the urgent insistence of the attorneys for the defendant in this proceeding, however, each member of this Court has again examined the holdings involving the validity of a moral obligation of the State in the above cited cases; and after careful consideration of the questions determined in those cases, a majority of the members of this Court is not disposed to depart from the rule announced in point 4 of the syllabus in the *Cashman* case or to deny its application to the claim involved in this proceeding. A majority of the members of this Court is also unwilling to depart from the decisions of this Court in *State ex rel. Davis Trust Company* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Jordan* v. *Sims,* 134 W. Va. 167, 58 S. E. 2d 650; *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654; and *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657, in each of which the declaration

by the Legislature of a moral obligation of the State, arising from the negligence of its officers, agents or employees in the exercise of a governmental function was held to be valid. The holdings of this Court in those cases are adhered to and approved and are declared to be the settled law of this State upon the questions involved in those decisions.

As already indicated each of the grounds assigned by the demurrer of the defendant in this proceeding has been presented to, and considered and rejected by, this Court in one or another of the last cited cases. The various grounds assigned by the demurrer in the case at bar are discussed and the reasons for their rejection are stated in the opinions of this Court in those cases. For this reason it is unnecessary to deal with them in detail or to repeat the discussion which relates to them in those opinions.

Determination of the question involved in this proceeding is governed and controlled by the recent case of *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657, in which this Court held in point 1 of the syllabus that "A moral obligation of the State, declared by the Legislature to exist in favor of a claimant for negligent injury to his property, will be sustained, and a legislative appropriation of public funds made for its payment will be upheld, when the conduct of agents or employees of the State which proximately caused such injury is such as would be judicially held to constitute negligence in an action for damages between private persons."; and in point 2 of the syllabus that "A claim for damages to property injured by the negligence of an agent or an employee of the State, while engaged in the discharge of a governmental function, may form the basis of a valid moral obligation of the State and justify a legislative appropriation of the public funds of the State for the payment of such claim." The foregoing principles apply to a claim for personal injuries caused by the negligence of an agent or an employee of the State while engaged in the discharge of a governmental function, and the claim of petitioner, for

personal injuries, caused by the clearly established negligence of the employee of the State Road Commission in the operation of its automobile which resulted in the collision between it and the automobile in which the petitioner was riding at the time, is the basis for a valid moral obligation of the State which justifies the appropriation by the Legislature of public funds of the State for the payment of her claim. The conclusion reached, and the grounds in support of the contrary view of the two judges who dissented, in the *Price* case, are stated and discussed at length in the majority and the dissenting opinions in that case and the reasons for the view now adhered to need not be repeated in this opinion.

The writ as prayed for is awarded.

*Writ awarded.*

LOVINS, JUDGE, dissenting:

For reasons hereinafter mentioned I respectfully dissent.

I have heretofore stated my reasons for dissenting in cases wherein a moral obligation is relied upon. See dissenting opinions in the cases of *State ex rel. Davis Trust Co.* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90, 99; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465, 468; *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654, 656; *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657, 668.

I rely upon the constitutional grounds discussed in the dissenting opinions in *State ex rel. Davis Trust Co.* v. *Sims, supra,* and *State ex rel. Catron* v. *Sims, supra.* In addition, I think that the principle that the state is not liable for the negligent acts of its employees, servants, agents, and officers while engaged in the performance of a governmental function is so firmly imbedded in the jurisprudence of this jurisdiction and so generally approved that we should not cast it aside. That principle is ably discussed in the dissenting opinion in *Price* v. *Sims, supra.*

I do not think that it is necessary to elaborate the reasons stated in the dissenting opinions by the writer and Judge Fox.

It seems to me that this Court, in requiring payments of a claim based on the negligence of an employee of the state, is opening a veritable Pandora's box.

In the recent cases in which this Court has considered the questions here presented, this. Court's conclusions stem from what I regard as an unsound principle stated in the fourth point of the syllabus in the case of *State ex rel. Cashman* v. *Sims,* 130 W. Va. 430, 43 S. E. 2d 805.

The law as established by the Court's decision in this case recognizes a moral obligation of the state in negligence cases. In other words, it places the State of West Virginia in a position similar to that of a private litigant. The act of negligence here relied upon as a basis for a moral obligation occurred in 1944. The rule in this proceeding was awarded on November 19, 1951. See Code, 55-2-12, as amended by Chapter 2, Acts of the Legislature; 1949, for the applicable period of limitations. It would seem that if rules relating to private litigants may be invoked as a basis for a moral obligation, we should apply and enforce other rules relating to the limitation of actions.

I am authorized to say that Judge Fox concurs in this dissent on the ground that the negligent act of an officer, agent, servant, or employee of the state, performing a purely governmental function, is not a sound basis for a finding that a moral obligation exists.