J. C. WEEKLEY

*v.*

EDGAR B. SIMS, AUDITOR

(No. 10625)

Submitted January 13, 1954.  Decided February 2, 1954.

*Joe A. McVay,* for relator.

*John G. Fox,* Attorney General, *Arden J. Curry,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

This is an original proceeding in mandamus in which the relator, J. C. Weekley, seeks a writ from this Court to compel the respondent, the Honorable Edgar B. Sims, Auditor of the State of West Virginia, to issue a warrant in due form upon the State Treasury for the payment of an appropriation in favor of the relator. The claim involved in this proceeding is against the West Virginia National Guard, and is for damage sustained by the relator as the result of a collision between his automobile, driven at the time by his wife, and a vehicle operated by Corporal Carl L. Morton, Battery C, 468th Field Artillery Battalion, West Virginia National Guard. The claim is based on the allegedly negligent operation of the National Guard vehicle by Corporal Morton.

The relator submitted his claim to the Adjutant General's Department of the State of West Virginia who, subsequent to an investigation, approved it for payment in the sum of $608.82. The Court of Claims, at its regular October Term, 1952, after a hearing, approved an award in the same amount. This award was certified to the Legislature at its Regular Session, 1953, which adopted as its own the finding of fact of the State Court of Claims, declared the claim in the sum of $608.82 to be a moral obligation of the State, and directed the Auditor to issue a warrant for its payment from available funds appropriated for that purpose. Chapter 29, Acts of the Legislature, Regular Session, 1953. The Legislature also made an appropriation of the sum of $608.82 for the payment of the claim. Chapter 1, Acts of the Legislature, First Extraordinary Session, 1953. The amount of the claim is not in dispute. The Auditor refused to pay this claim from the appropriation made by the Legislature for that purpose, and on September 25, 1953, the relator instituted his original proceeding in this Court. The respondent filed his written answer, and on January 13, 1954, the issue presented by the petition and the answer of respondent was submitted for decision upon the written briefs of the respective parties.

The facts are not in dispute. The relator recites that his automobile was, on the 30th day of June, 1952, being driven by his wife, Margaret E. Weekley, in an easterly direction upon Washington Avenue in the City of Huntington, and that while stopped at the intersection of Washington Avenue and Third Street, West, pursuant to an adverse traffic light signal, Corporal Morton, operating the military vehicle, turned into Washington Avenue from Third Street into the wrong lane thereof, and negligently and carelessly drove his vehicle into the stopped automobile of the relator, causing the damage claimed in this proceeding. The respondent in his answer does not deny these allegations of fact except in so far as they constitute a conclusion of law as to the negligence of Morton under those admitted facts. No explanation of the conduct of Morton or allegation of negligence on be-

half of relator's wife is contained in respondent's answer.

Article X, Section 6 of the State Constitution provides that the State shall not assume or become responsible for the debts or liability of any county, city, township, corporation or person. This Court has held in several cases that if the conduct of an agent and employee of an agency of the State government may be judicially held to constitute negligence in an action for damages between private persons, a moral obligation of the State in favor of the relator, as declared by the Legislature, should be sustained, and the appropriation to pay it should be upheld by this Court as not being violative of Article X, Section 6, or any other provision of the Constitution of this State. *State ex rel. Utterback* v. *Sims,* 136 W. Va. 822, 68 S. E. 2d 678; *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657; *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654; *State ex rel. Jordan* v. *Sims,* 134 W. Va. 167, 58 S. E. 2d 650; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Wallace Bumgarner* v. *Sims,* 139 W. Va. 92, 79, S. E. 2d 277. In *Bumgarner* v. *Sims, supra,* the second syllabus point of *Price* v. *Sims, supra,* was approved: "A claim for damages to property injured by the negligence of an agent or an employee of the State, while engaged in the discharge of a governmental function, may form the basis of a valid moral obligation of the State and justify a legislative appropriation of the public funds of the State for payment of such claim." In *Price* v. *Sims, supra,* this Court held that: "The action of the Legislature and of the court of claims in approving or rejecting claims presented to either involves the exercise of a legislative, not a judicial, function. In finding and declaring, by the enactment of a statute, that a moral obligation of the State, based upon facts which give rise to a juristic condition, exists, the Legislature performs a legislative function, but the determination of the validity of such obligation, which involves the constitutionality of the statute, is a judicial, not a legislative, function." While there is some inconsistency in the decisions as to the weight to be given to a legislative declaration that a moral obligation exists, the later decisions have consistently held that

such findings of the Legislature are entitled to respect, and in none of the decisions has it been held that such findings are binding upon this Court. Under these decisions, therefore, it is incumbent on this Court to determine in this proceeding whether the conduct of the agent and employee of the State of West Virginia National Guard, in the circumstances which existed, constituted negligence which would be judicially recognized as such in an action for damages between private persons.

The West Virginia National Guard was reorganized by the Legislature of this State at its Regular Session, 1949, by Chapter 105, Acts of the Legislature. Section 4 provides that: "The duty of maintaining and governing the national guard not in the service of the United States rests upon the state, * * *. The purpose of the force is national defense. Its efficiency as an agent for national defense necessarily depends upon * * * arms, equipment, training and discipline of its component parts." Section 5 provides that: "The national guard of West Virginia shall be organized and equipped in accordance with the provisions of the national military establishment regulations governing same. The governor shall at all times have the power to create new oranizations whenever, in his judgment, the efficiency of the state force will thereby be increased, * * *." It is not denied by the respondent that Corporal Morton was, at the time of the collision, a member of the West Virginia National Guard, and performing official duties under the direction and authority of his commanding officer.

Upon the facts presented by the pleadings in this case, as a matter of law the West Virginia National Guard, under the doctrine of *respondeat superior,* would be legally responsible for the damage suffered by relator were it not for the immunity of the State from suit under Article VI, Section 35 of the West Virginia Constitution, which says: "The State of West Virginia shall never be made defendant in any court of law or equity, * * *." Therefore, the writ of mandamus as prayed for is granted.

*Writ granted.*

LOVINS, JUDGE, dissenting:

I respectfully dissent from the opinion of the Court in this case.

My reasons for dissenting are stated in the dissenting opinions filed in the cases of *State ex rel. Davis Trust Company* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Utterback* v. *Sims,* 136 W. Va. 822, 68 S. E. 2d 678; *State ex rel. Bumgarner* v. *Sims,* 139 W. Va. 92, 79 S. E. 2d 277, and the reasons set forth in the dissenting opinions written by Judge Fox in the cases of *Saunders* v. *Sims,* 134 W. Va. 163, 58 S. E. 2d 654; *State ex rel. Jordan* v. *Sims,* 134 W. Va. 167, 58 S. E. 2d 650; *Price* v. *Sims,* 134 W. Va. 173, 58 S. E. 2d 657.

The conclusion reached in the instant case, in my opinion, is contrary to the provisions of Section 35, Article VI, and Section 6, Article X of the Constitution of this State.

It is unnecessary to repeat those reasons since my views concerning moral obligation have been heretofore stated.