STATE EX REL. HARRY SHABDUE

v.

EDGAR B. SIMS, *Auditor*

(No. 10892)

Submitted May 21, 1957.   Decided June 11, 1957.

*Paul M. Friedberg, Hershel R. Hark, Chester Lovett,* for relator.

*H. Jackson Powell,* for respondent.

GIVEN, JUDGE:

In this original proceeding in mandamus relator, State of West Virginia at the relation of Harry Shabdue, prays a writ against the defendant, Edgar B. Sims, Auditor of the State of West Virginia, requiring him to honor a requisition drawn by the State Road Commission for payment of a claim of Harry Shabdue, for personal injuries alleged to have resulted from negligence of the State in the improper maintenance of a secondary highway bridge. On recommendation of the Attorney General of the State, made after a hearing held by him as authorized by statute, the 1956 Legislature found that a moral obligation to pay the claim existed and made an appropriation for the payment thereof, in the amount of $684.25. The Auditor, believing that the evidence produced in support of the claim was not sufficient to establish the existence of a moral obligation on the part of the State to pay the claim, refused to honor the requisition drawn for payment thereof. The evidence produced before the Attorney General is, by agreement, made part of the record in this proceeding.

It appears from the evidence that claimant, fifty years of age, about nine o'clock of the evening of August 22, 1953, while walking toward his home, and after having reached a point more than halfway across the bridge which spans Elk Two Mile Creek, near the mouth thereof, in Kanawha County, was faced with an oncoming automobile with its headlights burning. He testified that he moved toward his right for the purpose of permitting the automobile to pass and, in doing so, stumbled on a floorboard of the bridge which was so warped and out of place that it extended approximately four inches above the surrounding floorboards, causing him to fall from the bridge to the bed of the creek, a distance of forty or fifty feet. Claimant also contends that the State was

negligent in not having provided and maintained a proper hand or guardrail along the right side of the bridge at the point from where he fell.

Claimant, apparently unconscious after the fall, lay where he fell until morning, when he crawled to a point where his brother resided, a distance of about one hundred fifty feet, and was discovered by a niece, who informed the brother of his condition. The brother then caused claimant to be removed to a hospital, about eleven o'clock of the morning after he fell. The physician at the hospital who admitted claimant testified to the effect that claimant suffered multiple fractures of the pelvis, abrasions and contusions of the chest, spinal and sacroiliac regions. He was hospitalized from August 23 to September 2, 1953. His recovery was complete.

There is testimony of several witnesses to the effect that some of the floorboards of the bridge, at the time claimant fell, were badly warped and out of place, constituting a continuous danger to those using the bridge, and that such condition had existed for a long period of time prior to the date claimant fell from the bridge. There is also considerable testimony on behalf of claimant to the effect that there was no hand or guardrail along the side of the bridge at the point from where claimant fell. It is true that such facts are strongly denied by witnesses testifying on behalf of the State, and that the testimony of the claimant to the effect that he stumbled on the warped floorboard stands alone. His testimony as to the stumbling, however, is not denied.

Testimony was also produced on behalf of the State to the effect that claimant was a near habitual drinker of alcoholic beverages. There is no evidence, however, that claimant was intoxicated on the day of his injury or that he had drunk any intoxicants that day, except that he testified that he had drunk one bottle of beer earlier in the day while in Charleston, and with the further exception that the physician who admitted him to the hospital testified to the effect that claimant had inform-

ed him, at the time of the physical examination, that he, claimant, had drunk five or six bottles of beer "before he had the accident". The statement, however, does not indicate how long before the injury claimant drank the beer. The physician also testified to the effect that he smelled an odor of alcohol "coming from his breath", but could not say that it was "a strong odor". Claimant denies that he told the physician he had drunk five or six bottles of beer before the accident.

While some doubt may exist as to whether the proof sufficiently establishes a moral obligation on the part of the State to pay claimant for damages suffered from the fall from the bridge, we can not say dogmatically and arbitrarily that the legislative finding is not warranted by the evidence. Though this Court is not bound by such a legislative finding, the finding is entitled to respect. See *State ex rel. Cox* v. *Sims, Auditor*, 138 W. Va. 482, 77 S. E. 2d 151; *State ex rel. Catron* v. *Sims, Auditor*, 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Adkins* v. *Sims, Auditor*, 130 W. Va. 645, 46 S. E. 2d 81. The facts established appear to bring the case within that zone where the respect to be accorded such a finding must be given consideration and permitted to control the judicial decision on the issue of whether a moral obligation on the part of the State does, in fact, exist. See *State ex rel. Summers* v. *Sims, Auditor*, 142 W. Va. 640, 97 S. E. 2d 295; *State ex rel. Ridgley* v. *Sims, Auditor*, 142 W. Va. 201, 94 S. E. 2d 857; *Weekley* v. *Sims, Auditor*, 139 W. Va. 263, 79 S. E. 2d 847; *State ex rel. Cox* v. *Sims, Auditor, supra; State ex rel. Jordan* v. *Sims, Auditor*, 134 W. Va. 167, 58 S. E. 2d 650. We think the circumstances proved in relation to the condition of the floor and railing of the bridge, supported by the legislative finding, are such as to establish negligent maintenance of the bridge by the State Road Commission, and that the failure of the State Road Commission to properly repair and maintain the bridge in a reasonably safe condition constituted negligence which would be judicially recognized as such "in an action for damages between

private persons." *Price* v. *Sims, Auditor,* 134 W. Va. 173, 58 S. E. 2d 657.

From the facts established, and under the authorities cited, we are of the opinion that the peremptory writ prayed for should be awarded.

*Writit awarded.*