STATE *ex rel.* MARGARET G. LIPPERT

*v.*

DENZIL L. GAINER, *Auditor*

(No. 12133)

Submitted October 17, 1961. Decided November 28, 1961.

*D. Boone Dawson*, for relator.

*C. Donald Robertson*, Attorney General; *Andrew J. Goodwin*, Assistant Attorney General, for respondent.

GIVEN, JUDGE:

In this original proceeding in mandamus plaintiff, Margaret G. Lippert, at the relation of the State, prays a peremptory writ requiring defendant, Denzil L. Gainer, Auditor of the State, to honor a requisition drawn to her order, designated transmittal No. 303, pursuant to a declaration made by the State Legislature of the existence of a moral obligation on the part of the State, an appropriation for the payment thereof, in the amount of $2,035.75, having been made by the Legislature. The defendant has refused to honor the request. The basis of such refusal is that the claim is not of such a nature as to create a moral obligation on the part of the State to make payment thereof and, therefore, beyond the power of the Legislature to make an appropriation for the payment thereof, such payment being for a private, not a public, purpose.

Plaintiff was an employee of the State Department of Public Assistance from 1947 to March 7, 1957, on which date she was removed from employment by the director of that department. Before being removed from work she was requested to resign from her position but refused to do so, proclaiming her innocence of any wrongdoing. She was returned to work in the same department on November 12, 1957, by a director of the department who had been appointed as successor of the director serving at the time of the removal.

After plaintiff was removed from her position as chief clerk in the Division of Audits and Accounts,

she appealed to the West Virginia Merit Council for a hearing on the charges filed against her. The charges were not sustained and the council recommended that consideration of reinstatement be given by the proper authorities. She was not re-employed, however, until after the change in the office of the director of the department and then, apparently, assigned to a position different from the one filled by her prior to her removal.

The charges made by the director against plaintiff, resulting in her removal or discharge from employment, grew out of facts contended to have indicated that she had purposely misplaced or mishandled certain checks necessarily passing over her desk. After an investigation by the State Department of Public Safety and a United States Post Office Department Inspector, a warrant, issued by a justice of the peace of Kanawha County, pursuant to a complaint made by a member of the State Department of Public Safety, charged plaintiff with larceny of certain funds represented by such checks. The charge, however, on motion of the Prosecuting Attorney of Kanawha County, was dismissed. The facts were later presented to a grand jury, which refused to indict her.

A more detailed statement of the pertinent facts is made in the opinion in *State ex rel. Lippert v. Sims, Auditor,* 143 W. Va. 542, 103 S. E. 2d 530, wherein the plaintiff in the instant proceeding prayed a peremptory writ requiring the auditor to honor a requisition covering a claim for salary alleged to have accrued to plaintiff between the date of her discharge from employment and the date of her re-employment. The writ was there refused on the ground that plaintiff was not entitled to any salary for such period, no services having been rendered by her to the State for that period. The State Legislature had not at that time considered the question of the existence of a moral obligation to plaintiff.

In *Woodall v. Darst,* 71 W. Va. 350, 77 S. E. 264, 80

S. E. 367, we held: "3. The Legislature is without power to levy taxes or appropriate public revenues for purely private purposes; but it has power to make any appropriation to a private person in discharge of a moral obligation of the state, and an appropriation for such purpose is for a public, and not a private purpose." See *Lingamfelter v. Brown,* 132 W. Va. 566, 52 S. E. 2d 687; *State ex rel. Bennett v. Sims, Auditor,* 131 W. Va. 312, 48 S. E. 2d 13; *State ex rel. Cashman v. Sims, Auditor,* 130 W. Va. 430, 43 S. E. 2d 805, 172 A.L.R. 1389.

Though in proper circumstances the Legislature has constitutional power to declare the existence of a moral obligation on the part of the State and to make an appropriation for payment thereof to a private individual, this Court must, where the question is properly presented, determine whether there is sound basis for the determination of the existence of a moral obligation; but "If any doubt exists as to whether it is for a public or a private purpose, the court must uphold the legislative act." Part Point 6, Syllabus, *Woodall v. Darst, supra.* See *State ex rel. Bumgarner v. Sims, Auditor,* 139 W. Va. 92, 79 S. E. 2d 277; *State ex rel. Cox v. Sims, Auditor,* 138 W. Va. 482, 77 S. E. 2d 151; *State ex rel. Catron v. Sims, Auditor,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Adkins v. Sims, Auditor,* 130 W. Va. 645, 46 S. E. 2d 81; *State ex rel. Cashman v. Sims, Auditor,* 130 W. Va. 430, 43 S. E. 2d 805, 172 A.L.R. 1389.

In *Cashman v. Sims, Auditor, supra,* part Point 4, Syllabus, it was held that a moral obligation may arise from "an obligation or a duty, legal or equitable, not imposed by statute, but created by contract or resulting from wrongful conduct, which would be judicially recognized as legal or equitable in cases between private persons", and we have repeatedly held that a moral obligation may arise on the part of the State from negligent conduct or from wilful wrongs of agents or representatives of the State. See *State ex rel. Summers v. Sims, Auditor,* 142 W. Va. 640, 97 S. E. 2d

295; *State ex rel. Bumgarner v. Sims, Auditor,* 139 W. Va. 92, 79 S. E. 2d 277; *State ex rel. Utterback v. Sims, Auditor,* 136 W. Va. 822, 68 S. E. 2d 678; *State ex rel. Price v. Sims, Auditor,* 134 W. Va. 173, 58 S. E. 2d 657; *State ex rel. Jordan v. Sims, Auditor,* 134 W. Va. 167, 58 S. E. 2d 650; *State ex rel. Catron v. Sims, Auditor,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Bennett v. Sims, Auditor,* 131 W. Va. 312, 48 S. E. 2d 13; *State ex rel. Davis Trust Co., Adm'r. v. Sims, Auditor,* 130 W. Va. 623, 46 S. E. 2d 90.

It is somewhat difficult to point with certainty to a definite wrong suffered by plaintiff because of any wrongful action of any agent or representative of the State, yet there exists a field of doubt. We can not say that it was not the duty of the director of the State department to cause to be made an investigation of the activities of plaintiff, as to the improper handling of the missing checks, or of the member of the Department of Public Safety in causing the warrant to issue after the results of the investigation were known, and, we presume, no one would say that there was any wrongful act in having the matter presented to a grand jury, there being no attempt to establish improper motives. Yet plaintiff was refused re-employment after the charge in the warrant had been dismissed, after she had been cleared of the charges by the West Virginia Merit Council, and after a grand jury had refused to return an indictment against her, until the succeeding director of the State department re-employed her, November 12, 1957. Even so, it is difficult to see any wrong on the part of a representative of a department of government to refuse to re-employ an individual in a position of governmental responsibility where there exists strong reason on the part of such representative to believe that such individual has wilfully or wickedly failed or refused to comply with established rules or regulations of the department, to say the least.

In the doubtful situation, the plaintiff having been admittedly denied re-employment by one director but

re-employed by a succeeding director, there may be an inference of some ulterior or wrongful motive as to the refusal to reinstate or re-employ plaintiff which would justify the legislative finding of the existence of moral obligation. At least, this Court can not say with sufficient certainty that the finding of the Legislature is clearly wrong. As pointed out above by the quotation from the holding in *Woodall v. Darst, supra,* where such doubt exists, this Court "must uphold the legislative act".

In *Glover v. Sims, Auditor,* 121 W. Va. 407, 3 S. E. 2d 612, this Court held: "1. A legislative declaration of fact should be accepted by the courts unless there is strong reason for rejecting it." In *Charleston National Bank, Executor v. Sims, Auditor,* 137 W. Va. 222, 70 S. E. 2d 809, it is stated, page 227, that a legislative declaration of the existence of a moral obligation on the part of the State "is entitled to weight and serious consideration". See *State ex rel Bumgarner v. Sims, Auditor,* 139 W. Va. 92, 79 S. E. 2d 277; *State ex rel. Cox v. Sims, Auditor,* 138 W. Va. 482, 77 S. E. 2d 151; *State ex rel. Catron v. Sims, Auditor,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. City of Charleston v. Sims, Auditor,* 132 W. Va. 826, 54 S. E. 2d 729; *State ex rel. Bennett v. Sims, Auditor,* 131 W. Va. 312, 48 S. E. 2d 13; *Berry v. Fox, Tax Commissioner,* 114 W. Va. 513, 172 S. E. 896.

The previous holdings, as well as the present conclusions, relating to the weight to be given to a legislative declaration of the existence of such a moral obligation, are legally and eminently justifiable. That coordinate branch of the government, acting on a matter clearly within its powers, under the same constitutional provisions as this Court, charged with the same duties and responsibility as regards such provisions, except that its functions are legislative rather than juristic, is possessed of powers and means of investigating and determining such questions not possessed by courts. In such circumstances, there can be no

serious question that its findings should be given "weight and serious consideration".

Finding as we do that the facts of the instant case bring it clearly within the rule that where reasonable doubt exists as to the existence of a moral obligation, the finding and declaration of the Legislature in relation thereto should be given controlling effect, the peremptory writ in mandamus should be awarded.

*Writ awarded.*