CANYON PUBLIC SERVICE DISTRICT,
*a Public Corporation*

*v.*

TASA COAL COMPANY, *a corporation*

(No. 13162)

Submitted February 6, 1973.        Decided April 10, 1973.

*Haden & Singleton, Julius W. Singleton, Jr., Plowman & Spiegel, John L. Spiegel,* for appellant.

*Michael Tomasky,* for appellee.

SPROUSE, JUDGE:

In this eminent domain proceeding instituted in the Circuit Court of Monongalia County by Canyon Public Service District, as the plaintiff, against Tasa Coal Company, as the defendant, the defendant seeks an appeal from an order of the circuit court entered on the 11th day of November, 1971, overruling its demurrer and plea in abatement and holding that the plaintiff public service

district had the right to condemn the defendant's lands for use in connection with sewer facilities.

The plaintiff Canyon Public Service District is a public corporation, purporting to have been created under the provisions of Chapter 16, Article 13A of the Code of West Virginia, 1931, as amended. The plaintiff filed a petition on August 7, 1971, in the Circuit Court of Monongalia County to condemn certain lands of the defendant Tasa Coal Company for the purpose of constructing a sewer line and sanitary stabilization pond. By an order entered on the same date, the circuit court granted the public service district immediate possession and right of entry, the public service district having deposited $4,600.00 with the circuit court as fair compensation. On September 13, 1971, the date set for the appointment of commissioners, the appellant filed a demurrer to the condemnation petition and on September 27, 1971, filed a special plea in abatement. Attached to the plea in abatement were certified copies of the records of the County Court of Monongalia County relating to the procedures creating the plaintiff public service district. By the demurrer and plea in abatement the defendant contended that the plaintiff was not a legally constituted public service district because (1) less than 100 voters resided and owned property in the district at the time of its creation on June 28, 1960; (2) the petitioner was created solely for the purpose of supplying water; and (3) there was no order fixing a date for hearing as required by statute nor was the hearing set not more than 40 nor less than 20 days from the date of the order required by the statute.

There was no hearing conducted in connection with the demurrer and plea in abatement, and the record before this Court consists only of the petition to condemn and allied orders together with the defendant's demurrer and plea in abatement with the accompanying certified copies of the county court records. The copies of the county court records, which appear to be incomplete, indicate that some time prior to June 28, 1960, an attorney for the

unincorporated village of Canyon, Union District, Monongalia County, appeared before the county court, representing that fewer than 100 persons owned real estate in the proposed public service district, there being only 59 families in the village of Canyon, and that for this reason the individuals could not petition for the creation of a public service district. The attorney requested that the county court, on its own motion, order the creation of the public service district under the provisions of the existing law.

The county court was apprised that Tasa Coal Company had for approximately 30 years operated a public water system for the residents of Canyon who were the employees of Tasa Coal Company, but that Tasa had ceased mining operations and informed the citizens it no longer wished to operate the water system for them and would cease to do so no later than July 5, 1960.

Some time prior to June 28, 1960, (the date is not disclosed in the record) the County Court of Monongalia County ordered a hearing before the court to be held on the 28th day of June, 1960, at 10:00 a.m. The order of the county court required publication of notice of such hearing as required by statute but was silent concerning the posting of notice in the appropriate places as required by the statute.

In its order of June 28, 1960, the County Court of Monongalia County created the Canyon Public Service District under the heading on its records "Canyon Water Service", finding that: (1) "The desirability and feasibility, based upon all of the said facts and upon said hearing conducted before this County Court of Monongalia County, West Virginia, on this 28th day of June, 1960, * * * is proper"; and (2) "That the construction or acquisition by purchase, or otherwise, and maintenance, operation, improvement and extention of Public Service properties by such Public Service District will be conducive to the preservation of public health, comfort

and convenience of the area embraced within the said Canyon Public Service District"; and (3) "There being no protest thereto; This Court doth, by order, create such Public Service District, to be known as 'Canyon Public Service District' * * * ."

There is exhibited as part of the record on appeal publishers' certificates showing publication on June 15, 1960, of notice of the hearing to be held on June 28, 1960.

Chapter 16, Article 13A, Section 1, of the Code of West Virginia, 1931, as amended, authorizing the creation of public service districts by the county courts of this State, provides in pertinent part as follows:

> "Any territory constituting the whole or any part of one or more counties in the State so situated that the construction or acquisition by purchase or otherwise and the maintenance, operation, improvement and extension of properties *supplying water or sewerage services, or both,* within such territory, will be conducive to the preservation of the public health, comfort and convenience of such area, may be constituted a public service district under and in the manner provided by this article. *The words 'public service properties,'* when used in this article, *shall mean* and include any facility used or to be used for or in connection with (*1*) the diversion, development, pumping, impounding, treatment, storage, distribution or furnishing of water to or for the public for industrial, public, private or other uses (herein sometimes referred to as *'water facilities'*), or (*2*) the collection, treatment, purification or disposal of liquid or solid wastes, sewage or industrial wastes (herein sometimes referred to as *'sewer facilities'*)." (Italics supplied.)

Chapter 16, Article 13A, Section 2 provides in part as follows:

> "The county court of any county may on its own motion by order duly adopted propose the creation of such public service district * * * or any one hundred legal voters resident within and

owning real property within the limits * * * may petition for the creation thereof, * * * .

\* \* \*

" * * * the county court shall at the same session fix a date of hearing in such county * * * not more than forty days nor less than twenty days from the date of such action. * * * The clerk of the county court * * * shall cause notice of such hearing and the time and place thereof, * * * to be given by publication as a Class I legal advertisement in compliance with the provisions of article three, chapter fifty-nine * * * . The publication shall be at least ten days prior to such hearing. * * * In addition to the notice required herein to be published, there shall also be posted in at least five conspicuous places in the proposed public service district, a notice containing the same information as is contained in the published notice. The posted notices shall be posted not less than ten days before said hearing.

"All persons residing in or owning or having any interest in property in such proposed public service district shall have an opportunity to be heard for and against its creation . * * * ."

There is obviously no merit to the appellant's argument that the purported creation of the public service district was void because there were not 100 legal voters owning property within the district. The Legislature specifically provided that in such case the county court could create the district on its own motion. Chapter 16, Article 13A, Section 2, Code, 1931, as amended.

This leaves only two questions to be determined in this case. First, was the attempted creation of the public service district void because it did not appear that the hearing of June 28, 1960, was not more than 40 nor less than 20 days after fixing the date for the hearing and for the further reason that it is not affirmatively shown that the notice of the hearing was posted in five conspicuous places. Second, was the Canyon Public Service District created only for the purpose of furnishing water, therefore

being precluded from condemning the defendant's real property for sewerage purposes.

It is apparent from the record that the County Court of Monongalia County, acting pursuant to the request of the village of Canyon some time prior to June 28, 1960, set a hearing for June 28, 1960, to determine the question of whether the county court should on its own motion create the Canyon Public Service District. A notice was published in newspapers of general circulation more than ten days prior to the hearing as required by statute, but there is no showing whether the notice was likewise posted as required. The date of the fixing or setting of the hearing date is not reflected in the records of the county court nor the record before this Court.

Chapter 16, Article 13A, Section 2, Code, 1931, as amended, prescribing the manner for creating the public service district prescribes that the county court *"shall"* fix a date for a hearing which date *"shall"* be "not more than forty days nor less than twenty days from the date of such action". The word "shall" is also employed in prescribing notice for the hearing.

Though generally the use of the word "shall" in constitutions and statutes limits or prevents the exercise of discretion, its use in such provisions is not conclusive in determining whether they are mandatory or directory. " 'The rule that the word "shall" should be construed as mandatory has appropriate application when the provision of the statute relates to the essence of the thing to be done, or to matters of substance.' *State ex rel. Boone County Coal Corporation v. Davis,* 133 W.Va. 540, 56 S.E.2d 907. In determining whether the statute is mandatory or directory the intention of the Legislature is controlling, and if that intention is to make compliance with the statute essential to the validity of the act directed to be done, the statute is mandatory. *State ex rel. Thompson v. Fry,* 137 W.Va. 321, 71 S.E.2d 449; *State v. Simmons,* 135 W.Va. 196, 64 S.E.2d 503. If, however, the intention of the Legislature is not to make compliance

with the statute essential to the validity of the act directed to be done or the procedure to be followed, the statute is merely directory. *State v. Simmons,* 135 W.Va. 196, 64 S.E.2d 503; * * * ." *State v. Carduff,* 142 W.Va. 18, 34, 93 S.E.2d 502, 512-13.

"While there is no absolute test by which it may be determined whether a statute is mandatory or directory, the primary rule is to ascertain the legislative intent as revealed by an examination of the whole act." 82 C.J.S., *Statutes,* Section 376, page 869. " * * * the language of a statute, however mandatory in form, may be deemed directory whenever legislative purpose can best be carried out by such construction, * * * . In the application of subsidiary rules for the determination of the legislative intent in this respect there is no small confusion in the decisions, but certain principles have been recognized as established. Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form, and what is a matter of essence can often be determined only by judicial construction. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results." 82 C.J.S., *Statutes,* Section 376, pages 871-73. See also *State ex rel. Kennedy v. Boles,* 150 W.Va. 504, 147 S.E.2d 391.

"'As a rule a statute prescribing the time within which public officers are required to perform an official act regarding the rights and duties of others, and enacted with a view to the proper, orderly, and prompt conduct of business,

is directory unless it denies the exercise of the power after such time, or the phraseology of the statute, or the nature of the act to be performed, and the consequences of doing or failing to do it at such time are such that the designation of time must be considered a limitation on the power of the officer. When the legislature prescribes the time when an official act is to be performed, the broad legislative purpose is to be considered in deciding whether the time prescribed is directory or mandatory. * * *' 67 C.J.S., Officers, § 114 (b), page 404." *Ladd v. Lamb,* 195 Va. 1031, 1035-36, 81 S.E.2d 756, 759.

See also *State v. Nuckols,* 152 W.Va. 736, 166 S.E.2d 3; *State v. Carduff, supra.*

It is clear from these authorities that the provisions of Chapter 16, Article 13A, Section 2, Code, 1931, as amended, relating to the filing of the petition or motion of the county court, the description of the territory to be embraced and like provisions are mandatory. The use of the word "shall", however, in relation to the requirements for the posting and publication of notice and the time of setting the hearing are directory and require only substantial compliance.

The record shows that the hearing of June 28, 1960, was set some time prior to that date. Although the record is silent on the posting of notice, it undeniably appears that the publishing of the notice was more than ten days prior to the date of the hearing as required. There were no objections either before, during or after the hearing to the creation of the public service district or to the procedures employed in its creation. In view of these considerations, it appears the county court substantially complied with the requirements of 16-13A-2, Code, 1931, as amended, in creating the Canyon Public Service District.

The question of whether the Canyon Public Service District had the power to condemn property for sewerage purposes is a more serious question. Chapter 16, Article

13A, Section 1, Code, 1931, as amended is clear and unambiguous.

"Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." *Crockett v. Andrews,* 153 W.Va. 714, pt. 2 syl., 172 S.E.2d 384. From a simple reading of this section, it is readily apparent that a public service district may be created for the purpose of furnishing water or sewer services, or both water and sewer services.

The county court hearing of June 28, 1960, was labeled a hearing on the "Canyon Water Service". The order recited that the citizens had previously represented to the county court that: "The citizens of Canyon desire to form a Public Service District for the purpose of supplying water to themselves." The notice of the hearing contained the following language: "The County Court of Monongalia County will conduct a hearing to consider the feasibility of the creation of a Public Service District for water service * * *." In the order creating the district the court found that it was feasible and desirable to create the district based upon "all of the said facts and upon said hearing conducted before this County Court * * *".

There was, of course, nothing to prevent the county court from creating a public service district in Canyon for sewerage as well as water purposes. The facts are, however, that the citizens of Canyon requested the court to create a public service district for water. Interested individuals were notified by publication to protect any possible interest affected by the creation of a public service district for water. The county court in its order obviously only considered the question of furnishing water. Chapter 16, Article 13A, Section 2, Code, 1931, as amended, provides that the county court may after the creation of such district enlarge or reduce the public service district to areas where facilities, etc., have not been extended. We feel this gives the county court authority to add sewerage services to the facilities of the

Canyon Public Service District under appropriate proceedings. This was not done, however, at its creation and has not since been done. From the facts available to us, it is obvious that the Canyon Public Service District, being created only for the purposes of furnishing water services, has no power to condemn real estate for sewerage facilities.

The order of the Circuit Court of Monongalia County is, therefore, reversed and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*