STATE *ex rel.* LARRY A. WINTER,

*Prosecuting Attorney, etc.*

*v.*

A. ANDREW MACQUEEN, *Judge, etc.*

*and* LINDA C. PAYNE

(No. 14023)

Decided December 13, 1977.

*Larry A. Winter* pro se.

*Charles E. Pettry, Jr.,* for Payne.

CAPLAN, CHIEF JUSTICE:

During the January Term, 1977, of the Circuit Court of Kanawha County the grand jury serving said court returned four indictments charging respondent Linda C.

Payne with felony offenses involving forgery. On June 21, 1977 this respondent appeared before Judge Andrew MacQueen, a respondent herein, and entered a plea of guilty to one of said indictments. In the course of the plea proceedings the then defendant Payne disclosed that she had been previously convicted of a felony within five years from the date of the felony to which she was then pleading. She was fully questioned by the court concerning her guilty plea and the voluntariness thereof is not in question.

The respondent, Judge MacQueen, accepted her plea of guilty, related to her that she could finish her summer session of college and continued the matter until September 1, 1977. During this proceeding she was fully apprised of her situation regarding probation and acknowledged that she knew she would not be eligible for probation if she had been convicted of a felony during the previous five years. She was continued on the same bond entered at the beginning of the case.

On September 1, 1977, Judge MacQueen, after relating to respondent Payne that he had discussed her case with the probation officer said: ". . . I am quite candidly going to go against the statutory law of this State and put you on probation for a period of four years." Thereupon the prosecuting attorney told the court that the defendant's plea was entered as a result of plea bargaining and that by reason thereof the state had dismissed certain charges against Miss Payne. He noted that he had not anticipated that the court would not follow the law and that had he known that she would be placed on probation the other charges would not have been dismissed. The prosecutor then asked for a stay of execution of the order placing Miss Payne on probation (to which order he had objected). The court granted a sixty day stay and this proceeding in prohibition was instituted in this Court.

In his petition filed in this Court the petitioner, Larry A. Winter, the Prosecuting Attorney of Kanawha County, alleged, *inter alia*, that respondent, Judge MacQueen, by reason of *W.Va. Code*, 1931, 62-12-2, as amended,

lacked jurisdiction to place Linda C. Payne on probation and that by doing so has exceeded his legitimate powers. He then prayed that Judge MacQueen be prohibited from placing the defendant on probation.

Where pertinent *W.Va. Code*, 1931, 62-12-2, as amended, reads:

> "All persons who have not been previously convicted of a felony within five years from the date of the felony for which they are charged, and who are found guilty of or plead guilty to any felony ... shall be eligible for probation."

It is upon this language of the statute that the petitioner bases his contention that the respondent judge is without jurisdiction to act or that he has exceeded his legitimate powers.

It being undisputed, and in fact readily acknowledged by Miss Payne, that she had been convicted of a felony within the previous five years, the above quoted statute clearly precludes probation consideration for her. By reason of that statute she plainly is not eligible for probation. The language being clear and unambiguous, said statute must be applied, not construed. *Canyon Public Service District v. Tasa Coal Company*, 156 W.Va. 606, 195 S.E.2d 647 (1973); *Crockett v. Andrews, et al.*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

The judge's discretion in the matter of probation in such a case has been proscribed by legislative fiat and, unless the statute is unconstitutional, he is bound thereby. Consequently, by placing one on probation who has been convicted of a felony within the previous five years, the judge exceeded his legitimate powers. While he doubtless had jurisdiction over the offense, he lacked jurisdiction in this circumstance to place defendant Payne on probation.

Dispositive of this case is the following lanaguage of the Court in *State v. Loy*, 146 W.Va. 308, 119 S.E.2d 826 (1961), to which we adhere:

> The authorities are clear that a defendant convicted of a crime has no absolute right to proba-

tion, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions. Where a statute expressly provides as here, that a defendant convicted of an offense of a certain type or class shall not be entitled to probation, the trial court has no power to consider or grant probation. 24 C.J.S. Criminal Law, § 1571; 15 Am. Jur., Criminal Law, Section 498; 5 M.J., Criminal Procedure, Section 76, et seq.

We have considered respondent Payne's contention that the provisions of *W.Va. Code*, 1931, 62-12-2, as amended, are violative of the Eighth Amendment to the United States Constitution and of Article III, Section 5 of the West Virginia Constitution and find it to be without merit. Nor do the cases cited in her brief lend any support to her position.

Probation being a matter of grace, a legislative act precluding one from consideration therefor by reason of former felony convictions does not constitute cruel and unusual punishment, nor does it create a penalty disproportionate to the character or degree of the offense. The respondent judge, as well as all others, is charged with the responsibility of complying with the statutes enacted by our legislature and, as noted above, unless such statutes are constitutionally infirm, the mandates thereof must be obeyed. We find the pertinent statute to be constitutionally sound and that the respondent judge exceeded his legitimate powers when he went "against the statutory law of this State and put [her] on probation."

For the reasons stated herein, a writ is awarded prohibiting the respondent judge from placing Linda C. Payne on probation.

*Writ awarded.*

MILLER, JUSTICE, *concurring:*

Although I concur in the results of this decision, I do not believe the characterization of probation as being "a matter of grace" serves as an adequate basis for the finding that the respondent judge exceeded his legiti-

mate powers by placing a defendant on probation in contravention of a statutory prohibition.

It is argued by Respondent Payne that to require judicial adherence to *W.Va. Code,* 62-12-2, in this case would constitute cruel and unusual punishment and would create a penalty disproportionate to the character or degree of the offense in violation of both the United States and the West Virginia Constitutions. The claimed violation of constitutional rights ought not to be denied merely by considering probation as "a matter of grace." We have, in *Louk v. Haynes,* W.Va., 223 S.E.2d 780, 787 (1976), abandoned the notion that characterizing probation as an act of grace insulates it from further inquiry. Constitutional rights do not "turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege'". *Graham v. Richardson,* 403 U.S. 365, 374, 29 L. Ed. 2d 534, 91 S. Ct. 1848 (1971). *See Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S.Ct. 1756 (1973); *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S.Ct. 2701 (1972); *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S.Ct. 2593 (1972); *Escoe v. Zerbst,* 295 U.S. 490, 79 L. Ed. 1566, 55 S.Ct. 818 (1935).

I am not persuaded by the argument of Respondent Payne that to deny her probation would constitute cruel and unusual punishment or would create a penalty disproportionate to the character or degree of the offense.

The underlying offense of forgery for which the defendant was indicted carries a penalty of one to ten years in the penitentiary or, in the court's discretion, confinement in jail for not more than one year and a fine not exceeding five hundred dollars. W. Va. Code 61-4-5. This Court discussed at length the concept of cruel and unusual punishment in *State ex rel. Pingley v. Coiner,* 155 W. Va. 591, 186 S.E.2d 220 (1972). The standards set in *Pingley* do not warrant striking down the forgery penalty as cruel and unusual punishment or a penalty disproportionate to the character or degree of the offense. West Virginia Constitution, Article III, Section 5.

An additional argument advanced by Respondent Payne is that the sentencing of criminal offenders is the function of the courts. Consequently, the removal of the alternative of probation by the Legislature, under W. Va. Code, 62-12-2, from the power of the sentencing judge is an unconstitutional infringement of the inherent power of the court in violation of the separation of powers provision of Article V, Section 1 of the West Virginia Constitution.

We have consistently held that subject to certain constitutional limitations there exists in the Legislature the broad right to define crimes and their punishment. *State ex rel. Cogar v. Kidd*, W.Va., 234 S.E.2d 899 (1977); *State ex rel. Heck's v. Gates*, 149 W.Va. 421, 141 S.E.2d 369 (1965); *State v. Painter*, 135 W.Va. 106, 63 S.E.2d 86 (1950).

As to the inherent power of a court to grant probation, I am of the view that such power does not exist. In *Ex parte Fisher*, 95 W. Va. 397, 121 S.E. 287 (1924), it was held that while the courts of this State under the Constitution have inherent power and discretion in the trial of criminal cases and imposition of the penalties fixed by law, such power and authority does not extend to mitigation or nullification of the penalties imposed by law. Specifically, the Court held that courts have no inherent power to suspend a lawful sentence imposed as punishment for crime except for short periods, in which proceedings may be had to test the legality of the judgment. 95 W.Va. at 401, 121 S.E. at 289. *Accord, State ex rel. Calandros v. Gore*, 126 W.Va. 614, 617, 29 S.E.2d 476, 478 (1944).

*Ex parte Fisher, supra,* relied heavily on *Ex parte United States, Petitioner*, 242 U.S. 27, 61 L. Ed. 129, 37 S. Ct. 72 (1916), where Chief Justice White, in examining the common law, concluded that:

> "[I]t is, we think, to be conceded: (a) That both suspensions of sentence and suspensions of the enforcement of sentences temporary in character were often resorted to on grounds of error or

miscarriage of justice which, under our system, would be corrected either by new trials or by the exercise of the power to review. (b) That not infrequently where the suspension either of the imposition of a sentence or of its execution was made for the purpose of enabling a pardon to be sought or bestowed, by a failure to further proceed in the criminal cause in the future, although no pardon had been sought or obtained, the punishment fixed by law was escaped. *But neither of these conditions serve to convert the mere exercise of a judicial discretion to temporarily suspend for the accomplishment of a purpose contemplated by law into the existence of an arbitrary judicial power to permanently refuse to enforce the law.*" [Emphasis added]

While recognizing that the facts of *Ex parte Fisher, supra*, are distinguishable from those of the present case, in that here the circuit judge suspended the imposition of sentence, rather than the execution of sentence, I believe the distinction is of no consequence as it relates to whether such power is inherent in the courts of this State. A study of the authorities relied upon by Chief Justice White in *Ex parte United States, Petitioner, supra*, particularly 2 Hale *Pleas of the Crown* 412 (1st American ed. 1847), and 4 Blackstone, *Commentaries of The Laws of England* (1803), convinces me that courts possess no inherent power to place a defendant on probation.

Consequently, the right of probation arises from legislative enactment and there is no violation of the doctrine of separation of powers.

It therefore follows that the trial court, by not possessing any independent power to grant probation and by exceeding the probation power conferred upon it by statute, was acting beyond its jurisdiction. Prohibition will therefore lie to prevent the trial court from granting probation.

I am authorized to state that Justice Harshbarger joins with me in this concurring opinion.