# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE EX REL. WEST VIRGINIA
DEPARTMENT OF TRANSPORTATION,
DIVISION OF HIGHWAYS,**
Petitioner,

**vs. No. 18-0864** (Kanawha County No. 18-C-868)

**THE HONORABLE TOD J. KAUFMAN,
JUDGE OF THE CIRCUIT COURT OF
KANAWHA COUNTY; AND
MIKE ENYART & SONS, INC.,**
Respondents.

**FILED**
**April 2, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The petitioner (defendant below), Department of Transportation, Division of Highways ("Highways"), seeks a writ to prohibit the Circuit Court of Kanawha County from allowing the counterclaim filed below by the respondent (defendant and counter-claimant below), Mike Enyart & Sons, Inc. ("MESI"), to proceed.[1] Highways argues that MESI's counterclaim violates Highways's sovereign immunity,[2] as well as the doctrine of claim splitting.[3]

---

[1] Highways is represented by counsel Stacy A. Jacques and C. Brian Matko. MESI is represented by counsel Michael J. Farrell, Erik W. Legg, J. Ben Shepard, Ashley W. French, and Charles M. Johnstone II.

[2] *See* W.Va. Const. art. VI, § 35 ("The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee.").

[3] *See Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W.Va. 549, 561, 803 S.E.2d 519, 531 (2017) ("[O]ne of the underlying rationales for the doctrine [of res judicata] is to prevent this type of *ad infinitum* claim splitting and piecemeal litigation[,]" and "[l]ike

(continued...)

1

This Court has considered the parties' briefs, the arguments of counsel, the appendix record, and the supplemental appendix record. Upon consideration of the standard for the issuance of a writ of prohibition, the Court finds that Highways is not entitled to the extraordinary relief it seeks. For these reasons, this matter is properly disposed of through this memorandum decision in accordance with Rule 21 of the West Virginia Rules of Appellate Procedure.

## I. Factual and Procedural Background

On June 3, 2014, MESI entered into a multimillion-dollar contract with Highways for the construction of the East Beckley Bypass in Raleigh County. MESI claims it was damaged by Highways's delay in acquiring certain necessary rights-of-ways related to the project. Conversely, Highways contends that problems arose concerning the quality and timing of MESI's work, as well as MESI's refusal to acquire an insurance rider unless Highways entered into Change Order 9. This change order required an additional payment of $1,250,000, which Highways alleges was paid under duress and served to exacerbate the difficulties between the parties.[4]

On September 13, 2017, Highways exercised its contractual right by issuing a partial termination of contract for the convenience of the State.[5] Thereafter, MESI submitted a liquidated damages termination claim to Highways, which Highways denied. Highways terminated the remainder of the contract for the State's convenience on October 8, 2017.

On March 28, 2018, MESI filed a notice of claim against Highways with the West Virginia Legislative Claims Commission ("Claims Commission") for breach of contract and seeking $5,651,661 in damages. Highways filed an answer to MESI's claim, but did not file

---

[3](...continued)
res judicata, claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'") (citations omitted).

[4] Highways states that these insurance riders are typically provided by the contractor at little or no cost to Highways.

[5] As explained in documents in the appendix record and supplemental appendix record, a "termination for convenience" clause is standard in government contracts. It gives the State the right to unilaterally terminate the contract at any time and limits the government's liability, but it does not relieve the contractor of contractual responsibilities of the work completed.

a counterclaim.  The Claims Commission scheduled a status conference for July 10, 2018.

On July 9, 2018, Highways filed the instant civil action in the circuit court against MESI, seeking to recover significant monetary damages.  Highways alleged, inter alia, that MESI failed to properly construct, install, and place curbs and signals.  Highways further alleged  that MESI breached duties owed to Highways by performing "substandard work in a dilatory manner[;]" failing to properly complete work under the contract; and damaging both public and private property during the course of its work.  In addition to these breach of contract claims, Highways alleged duress, unjust enrichment, and negligence.  On this same day, Highways filed a motion to stay the proceedings in the Claims Commission on the basis that there were numerous common issues between the Claims Commission case and the circuit court action and that certain issues in the circuit court proceeding would affect MESI's claim before the Claims Commission.

The status conference went forward before the Claims Commission on July 10, 2018.  Due to a scheduling oversight, MESI's counsel failed to appear.  Highways's counsel did appear and urged a stay or dismissal of MESI's claim.  The Claims Commission dismissed MESI's claim, which was later reinstated on MESI's motion.  The Claims Commission also granted Highways's motion to stay.

On August 22, 2018, MESI filed a motion to dismiss Highways's action in the circuit court or, in the alternative, to stay the circuit court action until the Claims Commission case concluded.  MESI asserted in its motion that it had "brought its case in the proper venue created by an Act of the Legislature in 2017. . . . [and that] [t]he Claims Commission has <u>exclusive</u> jurisdiction" of claims under its contract with Highways.  By letter dated August 28, 2018, the circuit court directed Highways to file a response to MESI's motion to dismiss by September 12, 2018, and directed both parties to submit proposed orders on the motion by that same date.

In accordance with the circuit court's directive, on September 12, 2018, Highways filed a response to MESI's motion to dismiss/alternative motion to stay and submitted its proposed order denying MESI's motions, both of which Highways states it either hand-delivered or faxed that day to MESI and the circuit court.  On that same day, MESI filed a pleading in the circuit court titled "Answer, Amended Motion to Dismiss Plaintiff's Complaint, Counterclaim and Amended Alternative Motion to Stay."  It also submitted its proposed order, providing for its motions to be taken under advisement for sixty days during which time the parties were to engage in "all necessary discovery as efficiently as possible with the objective of preparing this case for trial."  MESI's proposed order further provided that MESI had properly brought its action before the Claims Commission; that Highways

3

could have filed a counterclaim against MESI in the Claims Commission, but did not; that the circuit court and the Claims Commission have concurrent jurisdiction over all claims; and that Highways "waived its constitutional [sovereign] immunity from having to defend the Counterclaim by filing its Complaint in this case. *See, Syl. Pt. 2, State, by Davis v. Ruthbell Coal Co.,* 133 W.Va. 319, 56 S.E.2d 549 (1949)." MESI's proposed order also provided for a status conference on a date to be determined by the circuit court.

MESI mailed a copy of its "Answer, Amended Motion to Dismiss Plaintiff's Complaint, Counterclaim and Amended Alternative Motion to Stay" and its proposed order to Highways's counsel, but hand-delivered the same to the circuit court. Highways's counsel telephoned MESI's counsel that same day, asking counsel to email her the documents MESI had filed that day. MESI's counsel did so, the following day, which is also the day the circuit court entered MESI's proposed order, as drafted, and scheduled the status conference for November 16, 2018.

On September 25, 2018, Highways filed a motion to dismiss MESI's counterclaim. Highways asserted, inter alia, that it had no opportunity to address MESI's counterclaim before it was filed because the pleading was mailed to Highways, but hand-delivered to the circuit court; that MESI seeks a direct judgment in excess of $5.5 million from the State's treasury; and that the *Ruthbell Coal Co.* case relied upon by MESI does not provide any support for the filing of MESI's counterclaim, which is expressly barred by the doctrine of sovereign immunity. Highways also sought reconsideration of the circuit court's order expediting discovery and trial.

Little more than two weeks later, on October 11, 2018, Highways filed a petition for a writ of prohibition and a motion for an emergency stay in this Court. Highways argued that the circuit court's September 13, 2018, order "erodes the protection sovereign immunity affords" Highways and forces Highways to expend thousands of dollars defending against MESI's counterclaim. Highways further asserts that the circuit court had "done nothing" to rule on Highways's motion to dismiss the counterclaim and that the circuit court's September 13 order was obtained "through misconduct by MESI."

On October 31, 2018, MESI filed a notice of motion in the circuit court stating that it would bring Highways's motion to dismiss MESI's counterclaim on for hearing at the November 16, 2018, status conference. This Court issued a rule to show cause, however, on

4

November 14, 2018, which effectively stayed the proceedings in the circuit court[6] and mooted Highways's motion for a stay.[7]

## II. Standard of Review

We have long held that "[p]rohibition will lie to prohibit a judge from exceeding his legitimate powers." Syl. Pt. 2, *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 239 S.E.2d 660 (1977). In this regard, we rely upon those factors set forth in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Bearing these factors in mind, we proceed to determine whether a writ of prohibition should be granted.

---

[6] The circuit court judge, by letter dated November 15, 2018, advised the parties' counsel that various motions were pending but that the hearing set for November 16, 2018, would be continued in light of this Court's rule to show cause.

[7] *See* W.Va. R.A.P. 16(j) ("Unless otherwise provided, the issuance of a rule to show cause in prohibition stays all further proceedings in the underlying action for which an award of a writ of prohibition is sought.").

## III.  Discussion

Based upon our review, we find that under the facts and circumstances of this case, one *Berger* factor is dispositive of this matter: "whether the party seeking the writ has no other adequate means . . . to obtain the desired relief." *Id.*  Significant to our analysis is the fact that Highways's motion to dismiss MESI's counterclaim remains pending below. Although Highways argues, without explanation, that the circuit court "abstained" from ruling on its motion to dismiss MESI's counterclaim, the appendix record and supplemental appendix record do not support that argument.  In fact, Highways filed its motion to dismiss the counterclaim on September 25, 2018, and filed its petition for a writ of prohibition in this Court on October 11, 2018.

As provided in West Virginia Trial Court Rule 22.04, "[a]ny motion requiring immediate disposition shall be called to the attention of the court by the party filing such motion."  While not mentioning any efforts in its petition, Highways's counsel represented during oral argument that counsel attempted to secure a hearing date by telephoning the judge's office, but was never able to speak to anyone.  Counsel did not indicate that any other efforts were made to obtain a hearing date.[8]  MESI, however, had no such difficulty.  It filed a notice of motion in the circuit court indicating that it would bring Highways's motion to dismiss on for hearing at the status conference set for November 16, 2018.

Notwithstanding the above, it remains clear from the procedural record before us that the parties never had the opportunity to present their arguments to the circuit court regarding the doctrines of sovereign immunity and claim splitting *prior to* MESI filing its counterclaim. Although the circuit court directed the parties to present orders ruling on MESI's motion to dismiss Highways's complaint, MESI's proposed order went well beyond the circuit court's directive by providing for its counterclaim, as well as for expedited discovery and trial. MESI argues that the circuit court only preliminarily allowed it to file its counterclaim pending the development of the factual record through discovery.[9]  It appears from the record and argument that the parties have engaged in discovery and that Highways's motion to dismiss MESI's counterclaim either is or will be ripe for the circuit court's consideration and ruling on the merits.

---

[8]  If telephonic efforts were unsuccessful, perhaps counsel could have faxed a letter to the circuit court judge, or stopped by the judge's office to secure a hearing date.

[9]  It appears that some discovery might have been necessary to determine whether the State's treasury was at risk through MESI's counterclaim, which is at the heart of a sovereign immunity analysis.

6

Inasmuch as Highways's motion to dismiss MESI's counterclaim remains pending below, an adequate remedy is available to Highways. Moreover, absent a ruling on that motion, we cannot determine whether there is a clear error of law, which is the factor that "should be given substantial weight." *Berger*, 199 W.Va. 14-15, 483 S.E.2d 14-15, syl. pt. 4, in part. Accordingly, once the circuit court holds a hearing and fully entertains the parties' arguments, it will be able to render an informed decision and enter a thorough order ruling upon the significant and important issue of whether MESI's counterclaim is barred by the doctrine of claim splitting and/or sovereign immunity, the latter of which is indisputably more legally expansive than *Ruthbell Coal Co.*, 133 W.Va. 319, 56 S.E.2d 549.

In short, "[i]t would be premature on our part to prohibit the circuit court from doing that which it has yet to rule upon." *State ex rel. Nationwide Mut. Ins. Co. v. Kaufman*, 222 W.Va. 37, 45, 658 S.E.2d 728, 736 (2008). Critically, parties must exhaust the remedies available to them in the circuit court before initiating original jurisdiction proceedings before this Court.

## IV. Conclusion

For the reasons set forth above, we decline to issue a writ of prohibition.

Writ Denied.

**ISSUED:** April 2, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Evan H. Jenkins
Justice John A. Hutchison
Judge R. Craig Tatterson sitting by special assignment.

Justice Tim Armstead disqualified.

7