**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0926** (Mason County 20-F-41)

**Roger Akers II,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Roger Akers II, by counsel R. Michael Shaw Jr., appeals the September 23, 2020, order of the Circuit Court of Mason County sentencing him to an indeterminate term of five to eighteen years of incarceration following the entry of his guilty plea to one count of second-degree robbery. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner argues that the sentence imposed by the circuit court was "too harsh for the crime committed and the circumstances surrounding the case."

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the Mason County Grand Jury indicted petitioner on one count of first-degree robbery in violation of West Virginia Code § 61-02-12(a), one count of grand larceny in violation of West Virginia Code § 61-3-13, and one count of conspiracy in violation of West Virginia Code § 61-10-31. Although the facts of the underlying crimes are not detailed in the appendix record, it is clear that the charges stemmed from an incident wherein petitioner robbed the employee of a business by presenting a firearm and demanding money.

Petitioner entered a plea agreement in July of 2020 wherein he agreed to plead guilty to one count of second-degree robbery, a lesser-included offense as charged in Count I of the indictment. In exchange, the State agreed to dismiss the remaining charges and to make no specific recommendations as to sentencing. The plea agreement clearly set forth that the sentence for second-degree robbery, as provided in West Virginia § 61-2-12(b), was an indeterminate term of five to eighteen years of imprisonment.

At the sentencing hearing, held in August of 2020, counsel for petitioner requested that any sentence imposed be suspended in favor of probation. Petitioner's counsel argued that petitioner accepted responsibility for his actions and did not have a significant criminal history. Petitioner's counsel acknowledged that petitioner had committed the instant crimes while on parole for an unrelated criminal charge, causing his parole to be revoked, but noted that petitioner received certificates of achievement after being re-incarcerated. Further, petitioner had since been re-released on parole, had obtained employment, and was in the process of repairing his relationship with his children. Petitioner addressed the circuit court and stated that he understood his actions, regretted what he had done, and was trying to better himself and maintain employment.

In accordance with the plea agreement, the State made no specific recommendation as to sentencing. Ultimately, the circuit court sentenced petitioner to an indeterminate term of five to eighteen years of incarceration to be served concurrently with any other sentences he was serving for his parole violations. In denying petitioner's request for probation, the circuit court acknowledged that petitioner graduated high school, had a good work history, and had some support in the community. However, the circuit court noted that petitioner had been unable to comply with community corrections in the past, as he committed the underlying offense at the time he was paroled on an unrelated offense. The circuit court also considered that the crime was one of violence and petitioner's past drug abuse. In fact, the circuit court noted that upon presenting for his presentence investigation interview, petitioner tested positive for fentanyl. The circuit court found that petitioner was either using the drug or had "had a lot of contact with the drug of some sort." As such, the circuit court concluded that petitioner would not comply with the terms of any alternative sentence, if it was to impose such a sentence. Petitioner appeals the September 23, 2020, sentencing order.

On appeal, petitioner argues that his sentence was too harsh and that he should have been granted an alternative sentence. According to petitioner, at the time of sentencing he was gainfully employed, was making efforts to rebuild his relationship with his children, and was attempting to better himself. Petitioner asserts that the sentence imposed by the circuit court was not proportionate to the character and degree of that offense. He further argues that the circuit court focused too heavily on petitioner's criminal history and drug use instead of finding that his criminal history was limited; that he had a satisfactory work history; and that, although he tested positive for fentanyl at the time of his presentence investigation, his levels were low. In fact, petitioner contends that he could have unintentionally absorbed fentanyl in ways other than intentional consumption or contact and the circuit court erred in not considering this scenario. Given these circumstances, petitioner concludes that the circuit court abused its discretion in not granting him an alternative sentence and that the sentence, as imposed, constitutes cruel and unusual punishment as it is not proportionate to the crime committed.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Lastly, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum

2

set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

In his brief on appeal, petitioner does not argue that his sentence is outside the bounds of statutory limits or based on some impermissible factor. Rather, he argues that the circuit court should have weighed or viewed the evidence of his work history, remorse, and limited criminal history more favorably. We note, however, that the sentence imposed upon petitioner was within statutory limits.[1] Further, the record is devoid of any evidence that petitioner's sentence was based upon any impermissible factors. While petitioner argues that he should have been granted probation, we note that "'a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) (citation omitted). Moreover, to the extent that petitioner argues that the circuit court erred in failing to consider alternative scenarios to petitioner's positive drug screen, we find that he failed to raise such an explanation below, waiving his right to raise it on appeal. As we have repeatedly reminded litigants, "[t]his Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered [for] the first time on appeal." *State v. Jessie*, 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citation omitted). Because petitioner's sentence is within the applicable statutory limits and not based upon any impermissible factors, it is not reviewable on appeal.

For the foregoing reasons, the circuit court's September 23, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[1] *See* W. Va. Code § 61-2-12(b) ("Any person who commits or attempts to commit robbery . . . is guilty of robbery in the second degree and, upon conviction thereof, shall be confined in a correctional facility for not less than five years nor more than eighteen years.").