**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0518** (Kanawha County 19-F-460)

**Brian Lee Zackoski,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Brian Lee Zackoski, by counsel Nigel E. Jeffries, appeals the June 18, 2020, order of the Circuit Court of Kanawha County sentencing him to a determinate term of sixteen years of incarceration following the entry of his guilty plea to one count of first-degree robbery. The State of West Virginia, by counsel Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him probation when he was eligible for probation and was a suitable candidate for such a disposition.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying facts of petitioner's crimes are not readily apparent from either of the parties' briefs or the appendix record on appeal. What is clear is that, in September of 2019, the Kanawha County Grand Jury indicted petitioner on one count of breaking and entering in violation of West Virginia Code § 61-3-11, one count of entering without breaking in violation of West Virginia Code § 61-3-11, one count of first-degree robbery in violation of West Virginia Code § 61-2-12, and one count of the use of a firearm while engaged in the commission of a felony in violation of West Virginia Code § 61-7-15a.

In January of 2020, petitioner entered into a plea agreement wherein he agreed to plead guilty to one count of first-degree robbery. In exchange, the State agreed to dismiss the remaining charges. Per the terms of the plea agreement, the State indicated its intent to recommend a sentence of a determinate term of sixteen years of incarceration.

1

At the June of 2020 sentencing hearing, counsel for petitioner argued in favor of probation, asserting that petitioner was a suitable candidate for probation given his limited criminal history and the fact that he had no prior felony convictions. Petitioner's counsel further noted that petitioner had a prior work history and was young and able to work. Lastly, counsel noted that petitioner was remorseful for his actions. Petitioner addressed the circuit court, admitting that his actions were selfish and that he was extremely sorry for what he had done.

In accordance with the plea agreement, the State argued for a determinate term of sixteen years of incarceration. The State noted that petitioner's presentence investigation report indicated that, although he accepted some responsibility, he also attempted to shift most of the blame to a co-defendant. The State further argued that "[Petitioner] had a weapon that he went into the apartment with, and he had a choice to make at that time. He could've not done it. He could've not carried through with the plan." Petitioner's victim, Jonathan Heading, also addressed the court and stated that petitioner's actions belied his claims of remorse. Mr. Heading stated that although petitioner claimed he was sorry for his actions, he had not reached out to Mr. Heading to apologize personally.

In denying petitioner's request for probation, the circuit court stated as follows:

This conduct that [petitioner] engaged in in this case is extremely violent. [Petitioner] could have actually ended up with a far worse result and, of course, . . . this result is extremely detrimental with a great impact upon this victim both mentally and physically. Being held at gunpoint while being threatened and breaking into your home, the place where you're supposed to enjoy peace and enjoyment and be able to enjoy your own property that you've worked for, paid for, and have this very violent conduct, conduct that was planned and executed against this victim, is extremely disturbing and shows a propensity that [petitioner has] for extremely violent conduct without any regard to the impact this might have on the victim.

Following these remarks, the circuit court adopted the State's recommendation and sentenced petitioner to a determine term of sixteen years of incarceration. Petitioner now appeals the June 18, 2020, sentencing order.

On appeal, petitioner argues that the circuit court's decision to deny him probation as an alternative disposition was an abuse of discretion given petitioner's work history, remorse, acceptance of responsibility for his actions, and his lack of criminal history. Petitioner also asserts that the circuit court failed to provide a sufficient explanation in denying him probation, as required under West Virginia Code § 62-12-8.[1]

---

[1]West Virginia Code § 62-12-8 provides as follows:

Orders granting or refusing release on probation shall contain a brief statement by the court of the reasons for its action and shall be entered of record. A copy of all orders granting release on probation, of all orders refusing such release in felony cases, and of all orders revoking any previous order shall be sent by the clerk of the court to the board of probation and parole within five days after the making of the order.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Concerning petitioner's request for probation, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000) (citation omitted).

Here, petitioner does not argue that his sentence is outside the bounds of statutory limits or based on some impermissible factor. Rather, petitioner's claims amount to nothing more than a desire for the circuit court to have weighed or viewed the evidence of his work history, remorse, and lack of criminal history more favorably. However, petitioner's desire for a different outcome—probation—does not establish a "palpable abuse of the court's discretion." "It is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles." *State v. Georgius*, 225 W. Va. 716, 722, 696 S.E.2d 18, 24 (2010). Moreover, this Court has recognized that "a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions." *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) (citation omitted). While petitioner avers the circuit court erred in failing to set forth sufficient reasoning for denying him probation in the sentencing order, we find that the circuit court set forth adequate reasoning on the record for denying him probation, including the extreme violence of the crime, the effect of that violence on the victim, and petitioner's propensity for violent conduct. As petitioner has failed to demonstrate that the court considered any impermissible factors or sentenced him based on any impermissible factor, we find no abuse of the court's discretion in denying his request for probation.

For the foregoing reasons, the circuit court's June 18, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton