# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0548** (Cabell County 14-F-70)

**Michael A.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael A.[1] appeals the June 11, 2021, order of the Circuit Court of Cabell County revoking his probation, arguing that there was insufficient evidence to support the probation revocation. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

At the outset, we note that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 2, *State v. Hosby,* 220 W. Va. 560, 648 S.E.2d 66 (2007) (citation omitted). *See also State ex rel. Winter v. MacQueen,* 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) ("[A] defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.")

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

---

[1] Petitioner appears by counsel Connor Robertson. The State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e).

Syl. Pt. 2, *State v. Cookman*, 240 W. Va. 527, 813 S.E.2d 769 (2018).

After entering a *Kennedy* plea to the felony offense of incest,[2] petitioner was sentenced to a term of incarceration; however, the court suspended his sentence and placed him on probation for five years.[3] The State filed a motion to revoke petitioner's probation, alleging that petitioner had: (1) failed to give a full, complete, and truthful report of his activities each month; (2) failed to truthfully answer all questions asked by his probation officer and follow all instructions given by his probation officer; (3) resided in the same residence as a minor child; and (4) failed to report incidental contact with any child under the age of eighteen to his probation officer within twenty-four hours of contact. The State also alleged that petitioner had committed other technical violations related to his probation, noting that he had failed to pay various fees and costs that were assessed as part of his agreement.

Although petitioner initially denied that there were children at his home to his probation officer and a home confinement officer, he eventually acknowledged that three children visited his residence on multiple occasions during his probationary period. Notwithstanding this concession, he denied that he had contact, even incidental contact, with the children. Instead, he maintained that he would leave the house through the back door when the children came in the front door. Hearing petitioner's testimony and the testimony of the State's witnesses at an evidentiary hearing, the circuit court found that minor children visited petitioner's residence (though he was prohibited from having contact with minor children) and petitioner had violated the clear terms of his probation by failing to report this contact. Accordingly, the circuit court revoked petitioner's probation and reimposed his original sentence, with credit for time served. In so ruling, the circuit court made credibility determinations based upon the testimony presented at the evidentiary hearing, including the testimony of petitioner. We decline to disrupt these determinations on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.") Thus, we find that the circuit court's ruling was not the result of an abuse of discretion and, therefore, refuse to disturb this ruling on appeal.[4]

---

[2] *See Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987). Petitioner was charged with one count each of first-degree sexual assault, incest, sexual abuse by a parent or guardian, child neglect creating risk of injury, intimidation of a witness, obstructing an officer, and conspiracy.

[3] Petitioner's probation was previously revoked for the reasons described in *State v. Michael A.*, No. 18-0821, 2019 WL 6139579 (W. Va. Nov. 19, 2019) (memorandum decision), but reinstated subject to the original terms and conditions, after this Court remanded for further proceedings.

[4] As is noted above, the State also alleged that petitioner failed to pay numerous fees and costs required by his probation agreement. Inasmuch as we have found that the circuit court's substantive rulings on the probation revocation were not clearly erroneous, we need not address these technical violations on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn