# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-665** (Berkeley County 14-F-63)

**Richard Ruffner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Richard Ruffner appeals the Circuit Court of Berkeley County's July 20, 2022, order that revoked his probation and imposed his suspended sentence.[1] On appeal, petitioner argues that the court erred when it denied his request to continue his probation after his third probation violation. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Following a series of grave robberies, petitioner was convicted of twenty-three counts of disinterment of a dead body and one count of felony conspiracy. In the sentences at issue in this appeal,[2] petitioner's aggregate twenty-seven year prison sentence was suspended in favor of five years of probation. After he admitted to three separate probation violations,[3] the court ultimately revoked his probation and imposed his underlying suspended sentences, and petitioner is currently

---

[1] Petitioner appears by counsel Jonathan T. O'Dell. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

[2] Petitioner was sentenced in two sentencing groups: Group A and Group B. Petitioner's Group A sentences were discharged prior to this appeal and the issue before this Court concerns only the Group B sentences.

[3] Petitioner admitted to two occasions of contact with the victim and to being discharged from his required substance abuse treatment program at a sober living facility, all in violation of the terms of his probation.

incarcerated on those sentences.[4] Petitioner appeals and claims that the court relied upon impermissible factors when it refused to grant him continued probation.

We have noted that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 2, *State v. Hosby*, 220 W. Va. 560, 648 S.E.2d 66 (2007) (citation omitted).[5]

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 2, *State v. Cookman*, 240 W. Va. 527, 813 S.E.2d 769 (2018).

West Virginia Code § 62-12-10(a)(1)(C) expressly provides that "the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed" where a probationer has violated a condition of probation designed either to protect the public or a victim. Although petitioner concedes that he repeatedly violated the terms of his probation and that this statute allows for the revocation of probation, he argues that the same statute affords the court discretion to release him back to probation. Additionally, he argues that the court was biased against him and relied upon improper and inaccurate information when it failed to afford him probation yet again.[6] However, petitioner's

---

[4] Prior to the revocation that led to the sentencing on appeal, the State petitioned for revocation on two other occasions. When his probation began in April 2015, petitioner failed to report to the probation office as ordered, and his failure prompted the filing of a petition for revocation. After he admitted to the allegations in the initial petition, he was placed back on probation. Later, in April of 2021, petitioner was arrested for unlawful restraint, domestic assault, and brandishing a deadly weapon, and the State filed a second petition for revocation. Petitioner admitted to the allegations in that petition, was ordered to undergo a twenty-eight day residential substance abuse program, and then to jail until a six-to-nine month treatment program became available. At that time, the circuit court amended the terms of petitioner's probation to require inpatient substance abuse treatment.

[5] "[A] defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions." *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977).

[6] Petitioner argued that the court improperly relied upon his mental health problems in denying him probation. However, the court did not mention petitioner's mental health in its order. Additionally, petitioner's argument that the court improperly held his socioeconomic status against him when it addressed his lack of permanent housing and his failure to pay restitution, is not

arguments are belied by the record on appeal. In denying petitioner's request for continued probation, the court considered the record before it, including the home confinement suitability report[7] and the testimony of the home confinement officer that petitioner was an unsuitable candidate for home confinement for multiple reasons including: his criminal history; domestic violence issues; his drug history; and his refusal to comply with the court's order that prohibited his contact with his domestic violence victim.[8] Accordingly, the court explained its reasoning in the order and provided a rationale for reinstating petitioner's original sentence under West Virginia Code § 62-12-10 (a)(1)(C). Considering all of these factors, the court opined that "the [c]ourt does not believe that placing the Defendant on supervision or alternative sentencing will be successful." Based on our review of the record on appeal, we do not find that the court relied on any impermissible sentencing factors, inaccurate information, or bias against petitioner in its decision to deny petitioner's motion for alternative sentencing. Therefore, we decline to find that the court abused its discretion in its July 20, 2022, order, and, accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

supported by the record on appeal. Likewise, petitioner's argument that the court exhibited bias against him is also unavailing.

[7] The report detailed petitioner's history of seventeen arrests and at least eight convictions, seven of which involved domestic battery or domestic assault. Although petitioner maintains that this report contained inaccurate information, we note that neither petitioner nor his counsel objected to the contents of the report at the July 12, 2022, hearing.

[8] The court also expressly considered: petitioner's criminal history; that petitioner had been afforded various opportunities for probation and alternative sentencing and had consistently violated his probation; the suitability of petitioner's placement in a sober living facility; petitioner's continued contact with an individual, in violation of court orders; petitioner's failure to make any payment toward his restitution obligation; and petitioner's failure to perform his community service obligations.